IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY D. JOHNSON**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:26-cv-00028-TBM-RPM**

**SOUTH MISS. CORR. INSTITUTE DISCIPLINARY DEPT.**            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Anthony D. Johnson's failure to comply with Court Orders. When he filed his Complaint on January 29, 2026, Plaintiff was an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [1], pp. 1-2. He names the "South Miss. Corr. Institute Disciplinary Dept." as Defendant, [1], p. 1, and he is proceeding *in forma pauperis*, [6], pp. 1-3.

On March 19, 2026, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, the Court directed Plaintiff to file a written response to a series of questions that would aid the Court in assessing his claims. [7], pp. 1-2. Plaintiff's written response was due to be filed by April 2, 2026, and he was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." [7], p. 2. That Order [7] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [7] by the April 2 deadline.

On April 13, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [8], p. 1. Plaintiff's responsive deadline was extended to April 27, 2026, and he was warned again "[t]hat failure to advise the Court of a

change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [8], pp. 1-2. The Order to Show Cause [8] and a copy of the Court's March 19 Order [7] were mailed to Plaintiff at his last-known mailing address, and they were returned to the Court as undeliverable. [9], p. 1. Plaintiff did not comply with the Order to Show Cause [8] by the April 27 deadline.

On May 7, 2026, the Court entered a Second and Final Order to Show Cause [11], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [8] [7]." [11], p. 2. Plaintiff was ordered to file a written response on or before May 21, 2026. [11], p. 2. Plaintiff was also ordered, on or before the May 21 deadline, to comply with the Court's March 19 Order [7] "by filing a written response to answer the questions posed therein." [11], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to him." [11], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [8] [7]." [11], p. 2. The Second and Final Order to Show Cause [11], a copy of the Order to Show Cause [8], and a copy of the Court's March 19 Order [7] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [11], and he has not communicated with the Court about his lawsuit since February 26, 2026. [5], p. 1. This inaction is despite being warned seven times that a failure to comply with the Court's orders may lead to the dismissal of his case. *See* [1-2], p. 1; [2], p. 2; [4], p. 2, [6], p. 2; [7], p. 2; [8], p. 2; [11], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [11] [8] [7], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 22nd day of June, 2026.**

 

 

 

_____

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**